## HOLMES *versus* SPROWL.

If a town clerk omit to make notings of the time, at which he received a mortgage of personal property to be registered, the mortgage will, nevertheless, take effect from the time when it is *actually* recorded.

If, in tort, the plaintiff be but a tenant in common with others, of the property taken or injured, the objection is available only in abatement, or by an apportionment of damage.

The right to the possession of personal property mortgaged, is presumed to be in the mortgagee, unless it appear that the mortgager retained the right.

TRESPASS for taking one third of a schooner. The plaintiff relied upon a mortgage to him, by Joseph P. Hardy, made and recorded March 13, 1846. The defence set up was, that the taking by the defendant, was in his office of a deputy sheriff on a writ of attachment against Hardy.

The attachment was made September 22, 1846.

In a custom house register of July 4, 1846, and in an enrollment of October 4, 1846, said Hardy and two other persons, are named as the only owners.

*N. H. Hubbard*, for plaintiff.

*Dickerson*, for defendant.

1. Tenants in common must join in actions for injuries done to the common property.

2. The mortgage to the plaintiff was not recorded conformably to the requisitions of the statute. It does not appear, that the clerk noted the time, when the mortgage was received, either on the mortgage, or on the book kept for that purpose. Both notings are required by the statute.

3. The plaintiff waived his right of action, if any he had, by receipting for the vessel.

4. By receipting for the property, without disclosing his claim as mortgagee, the plaintiff practised such fraud and concealment as to preclude him from maintaining this action.

5. There was no demand. Where there is an intermingling or confusion of goods, a demand, previous to the suit, is necessary.

WELLS, J. — 1. The plaintiff claims to maintain this action of trespass as mortgagee of one third part of a schooner taken and carried away by the defendant. The mortgage was made on the thirteenth of March, 1846, and recorded on the same day. The defendant, as a deputy sheriff, attached one third of the schooner, on the twenty-second day of September, 1846, as the property of the mortgagor. By the Revised Statutes, c. 125, § 32, no mortgage of personal property shall be valid, except between the parties, unless possession is given and retained, or unless it is recorded by the clerk of the town, where the mortgager resides.

Section 33 provides, that "the clerk, on payment of his fees, shall record all such mortgages, that shall be delivered to him, in a book kept for that purpose, noting in the book, and on the mortgage, the time when the same was received, and

it shall be considered as recorded when left, as aforesaid, with the clerk."

The object to be accomplished was the recording of the mortgage, to give notoriety to the transaction. By the noting in the book, and on the mortgage, the time when the mortgage was received, it was to be considered as if it was recorded when left with the clerk. The subsequent recording had relation back to the time of noting, and the mortgage was to be considered as recorded at the time stated in the noting. The phrase "and it shall be considered *as recorded* when left, as aforesaid, with the clerk," must mean, that the reception of it and the noting by the clerk should be considered as having the same effect as if the recording took place at the time of the delivery, and that it would be valid, although it was not recorded until a subsequent time. If it is recorded, that is a compliance with the law, and if it is wholly extended upon the record, and the time stated, before third persons acquire any right to the property, the interest of the mortgagee is secured. If a mortgagee would go back to an earlier time, than that stated upon the record when his mortgage was recorded, and claim from the time when his mortgage was first left, he can only do so, by showing the time noted in the book and upon the mortgage.

In *Handly* v. *Howe*, 22 Maine, 560, the attachment was made before the mortgage was recorded. There was no noting, except upon the back of the mortgage, of the time when it was delivered to the town clerk. The noting in the book not having taken place, it was decided that the deed could not be considered as recorded when left.

The plaintiff's mortgage having been duly recorded, and the time when entered upon the record, his right under the mortgage was then protected from the attachment made afterwards by the defendant.

The title of the plaintiff cannot be affected by the enrollment and registry of the schooner in the name of the debtor and the other part owners. Those acts do not appear to have

been done by the plaintiff, or by his procurement or with his knowledge.

2. If the interest of the plaintiff and the other part owners should be considered joint, so that they ought to have united with him, in the action, that is an objection which should have been taken in abatement. In an action of tort, brought by one tenant in common of personal property, when the injury is joint, unless the non-joinder of the other co-tenants is pleaded in abatement, the objection can only be taken by way of an apportionment of damages. *Lathrop* v. *Arnold*, 25 Maine, 136; 1 Chit. Plead. 53.

3. It does not appear by any evidence in the case, that the mortgager retained the right of possession in the property mortgaged, and was entitled to it when this action was brought. No copy of the mortgage has been furnished to us. We presume then, that the mortgagee had the right of possession, and if so, he can maintain trespass for the taking of the property. *Woodruff* v. *Halsey*, 8 Pick. 333; *Paul* v. *Hayford*, 22 Maine, 234; *Welch* v. *Whittemore*, 25 Maine, 86.

4. It is stated in argument, that the plaintiff receipted for the property attached, as the property of the debtor, and it is contended, that he is estopped to set up property in himself.

But the receipt is lost, and no evidence is produced of its contents. We are therefore unable to determine whether its terms would create any estoppel against the plaintiff.

According to the agreement of the parties, the action is to be defaulted.

NOTE. — HOWARD, J. took no part in this decision.